On April 24, 2013, the defendant, Ronni Sanquintin, was indicted for assault and battery on a police officer, G. L. c. 265, § 13D ; possession of a firearm without a firearm identification card, G. L. c. 140, § 129C ; possession of ammunition without a firearm identification card, G. L. c. 140, § 129C ; trafficking in cocaine, G. L. c. 94C, § 32E ; and trafficking in heroin, G. L. c. 94C, § 32E. Following a jury trial, the defendant was convicted of assault and battery on a police officer.[2] On appeal, the defendant argues that he is entitled to a new trial because he was prejudiced by the admission of certain hearsay statements in evidence. For the reasons stated below, we affirm.
Background. On February 28, 2013, officers from the Lawrence police department surveilled the defendant's uncle, Radhames Pimentel, and observed him engaging in what were believed to be a series of drug transactions. The police then arrested Pimentel and applied for a warrant to search the second-floor apartment of the three-family building that Pimentel was seen entering and exiting. Detectives McLellan and Guthrie remained in the apartment to ensure that no one entered the premises until a search warrant could be procured.
The defendant subsequently arrived at the apartment and informed the detectives that he resided there. The defendant was told that the apartment was being secured until a warrant could be obtained. The defendant became agitated after hearing that the police were attempting to search the apartment, and his mood from thereon fluctuated, with the defendant being calm one moment and agitated the next The defendant proceeded to sit down on a landing outside of the apartment entrance. Both detectives were also on the landing, with Detective McLellan standing approximately one foot away from the defendant. After the defendant sat down, Detective McLellan called Captain Vasque, also of the Lawrence police department, to inform him that the defendant had arrived on the scene with keys to the apartment. Detective McLellan testified that the defendant then punched him in the thigh with a closed fist. The prosecutor asked Detective McLellan whether the punch was "hard," to which he responded, "Yeah. He swung." Detective McLellan further testified during cross-examination that the punch did not leave a mark or bruise on his thigh. Detective Guthrie, who was also standing on the landing with the defendant and Detective McLellan, testified that he did not observe the defendant punch Detective McLellan.
On redirect examination, Captain Vasque was permitted to testify, over the objection of defense counsel, that while speaking with Detective McLellan over the phone, he heard Detective McLellan state, "Did you just punch me? Are you trying to punch me? Or something to that effect. Something along those lines." Defense counsel again objected and moved to strike the testimony. The objection was overruled.
Discussion. The defendant argues on appeal that Captain Vasque's testimony was improperly admitted hearsay evidence and that its admission constituted prejudicial error necessitating a new trial. We disagree.
The question is whether Detective McLellan's statement was an assertion. See Mass. G. Evid. § 801(a) (2018) (defining "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion"); Commonwealth v. Baker, 20 Mass. App. Ct. 926, 928 n.3 (1985). See also Bacon v. Charlton, 7 Cush. 581, 586 (1851). To answer that question, we must decide whether Detective McLellan was intending to make an assertion that the defendant had struck him when he said, "Did you just punch me? Are you trying to punch me?" The legal status of "implied assertions" has been described as a "thorny problem." Commonwealth v. Pelletier, 71 Mass. App. Ct. 67, 72 n.6 (2008). It is not a question that has been answered in any definitive way in Massachusetts. We are not required to answer it in this case because we can resolve this matter by assuming that Captain Vasque's testimony was hearsay, and that the defendant's multiple objections were sufficient to preserve the issue on appeal.
We therefore review to determine whether the admission of the testimony prejudiced the defendant. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). Here, Captain Vasque's testimony was merely cumulative of Detective McLellan's prior testimony, in which he testified that he was, in fact, punched in the thigh by the defendant. See Commonwealth v. Martinez, 431 Mass. 168, 176 (2000), quoting from Commonwealth v. Bart B., 424 Mass. 911, 915 (1997) ("The admission of cumulative evidence does not commonly constitute reversible error"). Additionally, the testimony at issue consisted of two short sentences made during the course of a multi-day trial. See Commonwealth v. Rebello, 450 Mass. 118, 128-129 (2007). Finally, the prosecutor did not refer to Captain Vasque's testimony in her closing argument. See id. at 129. For these reasons, we conclude that the admission of Captain Vasque's testimony in evidence was not prejudicial to the defendant.
Judgment affirmed.

The Commonwealth nol prossed the heroin charge to the extent that it alleged that he was trafficking in heroin prior to trial, resulting in the defendant being instead charged with possession of a class A substance with intent to distribute. On that count, as well as the trafficking in cocaine count, the jury were unable to render a verdict and a mistrial was declared. The defendant was found not guilty of the unlawful possession of a firearm and ammunition offenses.